# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

GALDERMA LABORATORIES, L.P.;  :
NESTLÉ SKIN HEALTH S.A.; and  :
TCD ROYALTY SUB, LLC,  :
                                          :
              Plaintiffs,  :
                                          :
     v.  :     C. A. No. 16-207-LPS
                                          :
AMNEAL PHARMACEUTICALS, LLC and  :
AMNEAL PHARMACEUTICALS CO. (I)  :
PVT. LTD.,  :
                                          :
              Defendants.  :

## MEMORANDUM ORDER

At Wilmington this **22nd** day of **January, 2018**, having reviewed the parties' submissions (D.I. 204, 206) relating to Plaintiffs Galderma Laboratories, L.P., Nestlé Skin Health S.A., and TCD Royalty Sub, LLC's ("Plaintiffs" or "Galderma") motion for reconsideration (D.I. 204), **IT IS HEREBY ORDERED** that Plaintiffs' motion (D.I. 204) is **DENIED.**[1]

1.    On November 29, 2017, the Court granted Defendants Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals Co. (I) Pvt. Ltd.'s ("Defendants" or "Amneal") motion to strike Plaintiffs' supplemental literal infringement contentions. (D.I. 203)[2] Plaintiffs move for

---

[1] Plaintiffs' request for oral argument is also denied.

[2] The Court's oral order stated, in pertinent part:

> Having reviewed the parties' submissions (see D.I. 173, 175, 176, 190, 191), IT IS HEREBY ORDERED that: (1) Defendants' motion to strike Plaintiffs' supplemental infringement contentions (D.I. 172), which asserted literal infringement - for the first time - two months after the deadline for supplementing contentions,

1

reconsideration of that decision, which Amneal opposes. (D.I. 204, 206)

2. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks omitted). A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (internal quotation marks omitted). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Motions for reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005).

3. Galderma contends reconsideration is appropriate based on "newly discovered facts" that were "developed after Plaintiffs' briefing on Amneal's motion." (D.I. 204 at 1)

---

nearly three months after the close of fact discovery, and around five months after it appears Plaintiffs had received in discovery the dissolution data (see, e.g., D.I. 176 Ex. 5) purportedly critical to their belated theory, is GRANTED; the Pennypack factors support this conclusion, notwithstanding the importance of the evidence being stricken and the lack of indications of bad faith, as Defendants were surprised, are prejudiced (in ways articulated in their letters), Plaintiffs' explanation for the timing of its new theory is unpersuasive (and they do not attempt to explain why they provided Defendants' no hint they might eventually assert literal infringement), and no other adequate remedy is possible without disrupting the trial scheduled for February 2018; Plaintiffs' conduct was neither substantially justified nor harmless.

2

Specifically, Galderma points to the rebuttal report of Amneal's expert, Dr. Elder, a portion of which addressed literal infringement ("Elder Rebuttal Report"). (*See id.* at 1-2) The Elder Rebuttal Report, Galderma contends, proves Amneal was not prejudiced by Plaintiffs' untimely literal infringement contentions and, therefore, warrants reconsideration. (*Id.*)

4.  The Court disagrees. As an initial matter, there is no way to know whether Dr. Elder's literal infringement opinions are the same as they would have been had Galderma timely asserted literal infringement, and provided Amneal a fair and adequate amount of time to take discovery and evaluate literal infringement. Galderma emphasizes that Dr. Elder relied on the same facts and reasoning for his literal infringement opinions as he did for his doctrine of equivalence opinions – but of course he did, as these were the only facts at his disposal. As Amneal points out, had Galderma timely asserted literal infringement, "Amneal could have taken [a] different approach[] to ... discovery." (D.I. 173 at 2)

5.  Even assuming Dr. Elder's opinions would have been precisely the same as those he articulated in the Elder Rebuttal Report, Amneal was still prejudiced by Galderma's conduct. In analyzing the *Pennypack* factors, the Court found "Defendants were surprised [and] [we]re prejudiced (in ways articulated in their letters)." (D.I. 203) This prejudice included substantial lost opportunities for Amneal to shape its litigation strategy in response to Galderma's infringement contentions. (*See* D.I. 173 at 1-2 (explaining various ways Amneal was prejudiced, including lost opportunity to decide whether to litigate or reformulate product, plead different claims or defenses, take different approach to claim construction and discovery, or obtain "additional experts better-suited to address literal infringement"); D.I. 206 at 3-4 ("Amneal was faced with new literal infringement allegations two weeks before opening expert reports were

3

due, which forced it to choose from two bad options: either scramble to have an expert respond in an effort to preserve an expert opinion on the literal infringement allegations if the Court allowed them into the case; or offer no response and risk not preserving an opinion for trial if the pending Motion to Strike was denied."))

6. Additionally, prejudice to Amneal was only one of the multiple factors the Court found supported striking Galderma's literal infringement contentions. (*See* D.I. 203) The Elder Rebuttal Report leaves untouched both (1) the unpersuasiveness of "Plaintiffs' explanation for the timing of its new theory" and (2) the fact that "no other adequate remedy [wa]s possible without disrupting the trial." (*Id.*)

7. The remainder of Galderma's motion does nothing more than "rehash arguments" previously presented to the Court. (*Compare* D.I. 175 at 1-3 (contending Amneal "omitt[ed] discussion" of *in vitro* dissolution data in Paragraph IV Notice Letter, produced dissolution data as part of "untimely production," and delayed in producing witnesses) *with* D.I. 204 at 4-5 (same)) Thus, it presents no grounds for reconsideration. *See Ciena Corp.*, 352 F. Supp. 2d at 527.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE